UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| HEATHER C., )<br>)<br>      Plaintiff, )<br>)<br>v. )   2:22-cv-00103-SDN<br>)<br>LELAND DUDEK, )<br>Acting Commissioner of Social Security, )<br>)<br>      Defendant. ) | |

**MEMORANDUM OF DECISION AND ORDER ON MOTION FOR AWARD OF ATTORNEY FEES**

On February 19, 2025, Attorney Riley Fenner filed a motion for an award of attorney fees in the amount of $22,314.00 pursuant to 42 U.S.C. § 406(b)(1) for work performed on behalf of Plaintiff Heather C. *Mot. for Authorization of an Att'y Fee Pursuant to the Social Security Act*, (ECF No. 26). On February 21, 2025, the Commissioner responded. *Def.'s Resp. to Pl.'s Mot. for § 406(b) Fees*, (ECF No. 27). For the reasons detailed below, I grant Attorney Fenner's motion.

**BACKGROUND**

In this matter, Plaintiff agreed to pay Attorney Fenner a contingent fee for representation in the amount of 25 percent of the total of any past-due Social Security Disability Benefits awarded to her. *See* ECF No. 26-1. Attorney Fenner represented Plaintiff in this Court for judicial review of an unfavorable decision by an Administrative Law Judge denying Plaintiff's claim for Disability Benefits from the Social Security Administration. ECF Nos. 14, 19, 20. The Magistrate Judge recommended that the decision be vacated and the case be remanded to the Social Security Administration for further proceedings. ECF No. 21. The District Judge adopted the Magistrate Judge's

recommendation in its entirety. ECF No. 22. The Social Security Appeals Council remanded the case for a hearing that resulted in a fully favorable judgment in favor of Plaintiff for $89,255.77 in past-due Disability Benefits and $1,140.00 in regular monthly payments. *See* ECF Nos. 26-2, 26-3. The Social Security Administration explained it withheld 25 percent of Plaintiff's award for the work performed by Attorney Fenner, amounting in $22,314. ECF No. 26-3. This Court previously entered an order approving payment to Attorney Fenner under the Equal Access to Justice Act ("EAJA") in the amount of $5,888. *See* ECF No. 25. Attorney Fenner admits to receiving the EAJA payment and his obligation to refund the amount to Plaintiff after receiving attorney fees. *See* ECF No. 26 at 3.

## DISCUSSION

Section 406(b) of the Social Security Act provides that when a court renders a judgment favorable to a represented claimant, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court holds that contingent fee agreements are permissible in matters involving Social Security benefits claimants. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, the Court must be satisfied "that the fee sought is reasonable for the services rendered." *Id*. This Court has previously recognized that:

> Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case" to "implicate windfall concerns."

*Michelle B. v. O'Malley*, No. 21-CV-00337, 2024 WL 657000 (D. Me. Feb. 16, 2024), *aff'd*, No. 21-CV-00337, 2024 WL 3718347 (Aug. 8, 2024) (quoting *Beaulieu v. Colvin*, No. 10-cv-454, 2016 WL 675646, at *2 (D. Me. Jan. 28, 2016) (rec. dec.), *aff'd*, 2016 WL 675646 (Feb. 18, 2016)). Lastly, if the claimant's representative received fees pursuant to the EAJA, the representative must refund to the smaller fee amount to claimant. *See Gisbrecht*, 535 U.S. at 796.

Attorney Fenner asserts that the above fee equates to an hourly rate of $871.64 for 25.6 hours and is thereby reasonable under the law. *See* ECF No. 26 at 3. The Commissioner does not oppose counsel's fee amount in this matter. I agree with Attorney Fenner that the fee is permissible by law.

First, "the fee request conforms with the Plaintiff's contingent fee agreement and does not exceed the 25 [percent] statutory limit." *Christopher H. v. Kijakazi*, No. 18-cv-00355, 2022 WL 17668469, at *1 (D. Me. Dec. 14, 2022). Second, Plaintiff's counsel's "work in this Court prompted a motion for remand, and the Commissioner has provided nothing to suggest that the Plaintiff's subsequent success was not due to the efforts of [her] attorney." *Id.* Third, there is no "suggestion of inadequate representation, delay, or an inordinately easy case." *Id.* Finally, the effective hourly rate is in harmony with amounts this Court has previously deemed reasonable. *See Alan S. v. Kijakazi*, No. 18-cv-00199 (D. Me. Jan. 9, 2023) (approving a Section 406(b) fee with an effective hourly rate of $2,158.20); *Christopher H.*, 2022 WL 17668469, at *1 (approving a Section 406(b) fee with an effectively hourly rate of $1,190.48); *Weed v. Colvin*, No. 14-cv-271, 2016 WL 3919849, at *2-*3 (D. Me. July 15, 2016) (approving a Section 406(b) fee with an effective hourly rate of $1,279.56).

# CONCLUSION

Accordingly, the Motion for Award of Attorney Fees is **GRANTED** and the Court **ORDERS** that a fee award in the amount of $22,314 be paid to Attorney Fenner from Plaintiff's past-due benefits in accordance with Social Security Administration policy, subject to the requirement that Attorney Fenner pay Plaintiff $5,888, the sum earlier awarded to Attorney Fenner pursuant to the Equal Access to Justice Act.

**SO ORDERED.**

Dated this 9th day of May, 2025.

/s/ Stacey D. Neumann
UNITED STATES DISTRICT JUDGE